COREY D. BODDIE, SBN 289185
ATTORNEY AT LAW
BODDIE & ASSOCIATES, P.C.
10940 WILSHIRE BLVD, SUITE 1600
LOS ANGELES, CA 90024
TEL.: (310) 873-3722
FAX.: (323) 999-5143
COREY@BODDIEASSOC.COM

ATTORNEY FOR THE PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ISAACSON, an individual; SHON OKU, an individual and TYRONE PERRY, an individual. <br><br> Plaintiffs, <br><br> vs. <br><br> SONY PICTURES ENTERTAINMENT, INC. a Delaware corporation; TRISTAR PICTURES, INC., a Delaware corporation; COLORCREATIVE PRODUCTIONS, INC, a California corporation COLORCREATIVE, INC, COLORCREATIVE, LLC, a California limited liability company, SYREETA SINGLETON, an individual; and DOES 1-10 INCLUSIVE. <br><br> Defendants. | Case No.: 2:25-cv-6788 <br><br> COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT; <br> 2. MISAPPROPRIATION OF IDEAS; <br> 3. CONVERSION; <br><br> JURY TRIAL DEMANDED |

Plaintiffs Joshua Isaacson, Shon Oku and Tyrone Perry (hereinafter "Plaintiffs") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of the United States, 17 U.S.C. Section 101, et seq. and the common law of California. Pursuant to 28 U.S.C. § 1338 this court has jurisdiction.

2. Personal jurisdiction of this Court over all Defendants is proper as Defendants regularly conduct business within this judicial district. In addition, one or more acts of the injuries sustained took place in this jurisdiction.

3. Venue of this action is proper in this judicial district pursuant to 28 U.S.C. Section 1391(c) and 1400 because one or more of the claims arose in this district. All Defendants regularly conduct business within this district. Furthermore, a substantial part of the events giving rise to Plaintiff's claims arose in this district.

4. As to all other claims herein against all Defendants, the Federal Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a).

## PARTIES

5. Plaintiff JOSHUA ISAACSON at all times hereinafter mentioned is a resident of the state of California, County of Los Angeles. JOSHUA ISAACSON is a well-known screenwriter, director and movie producer.

6. Plaintiff SHON OKU at all times hereinafter mentioned is a resident of the state of California, County of Los Angeles. SHON OKU is a well-known screenwriter, director, actor and musician.

7. Plaintiff TYRONE PERRY at all times hereinafter mentioned is a resident of the state of California, County of Los Angeles. TYRONE PERRY is a well-known screenwriter, director, actor and movie producer.

8. Plaintiffs are informed and believe and, based upon such information and belief, alleges

Defendant Sony Pictures Entertainment Inc. (hereinafter "Sony") is a corporation, organized and existing under the laws of the state of Delaware and is licensed to do business in the state of California, County of Los Angeles.

9. Plaintiffs are informed and believe and, based upon such information and belief, alleges Defendant Tristar Pictures, Inc. (hereinafter "Tristar") is a corporation, organized and existing under the laws of the state of Delaware and is licensed to do business in the state of California, County of Los Angeles.

10. Plaintiffs are informed and believe and, based upon such information and belief, alleges Defendant ColorCreative Productions Inc. (hereinafter "ColorCreative Productions") is a corporation, organized and existing under the laws of the state of California and is licensed to do business in the state of California, County of Los Angeles. ColorCreative Productions was founded by Issa Rae, a well-known actor, director and producer.

11. Plaintiffs are informed and believe and, based upon such information and belief, alleges Defendant ColorCreative, Inc. (hereinafter "ColorCreative, Inc.") is a corporation, organized and existing under the laws of the state of California and is licensed to do business in the state of California, County of Los Angeles. ColorCreative, Inc. was founded by Issa Rae, a well-known actor, director and producer.

12. Plaintiffs are informed and believe and, based upon such information and belief, alleges Defendant ColorCreative, LLC (hereinafter "ColorCreative, LLC") is a corporation, organized and existing under the laws of the state of Delaware and is licensed to do business in the state of California, County of Los Angeles. ColorCreative, LLC was founded by Issa Rae, a well-known actor, director and producer.

13. Defendants ColorCreative Productions Inc., ColorCreative, Inc. and ColorCreative, LLC

3

COMPLAINT FOR DAMAGES

are hereinafter referred to collectively as "ColorCreative".

14. Plaintiffs are informed and believe and, based upon such information and belief, alleges Defendant Syreeta Singleton (hereinafter "Singleton") is, and at all times herein mentioned was, an individual, residing in the state of California, County of Los Angeles.

15. Plaintiffs are unaware of the true names of those persons sued herein as Does 1 through 10 and therefore sues said defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiffs are further informed and believes and, based upon such information and belief, alleges that acts and conduct herein alleged of each such Defendant were known to, authorized by, and/or ratified by the other Defendants, and each of them.

## FACTUAL ALLEGATIONS

16. All Plaintiffs herein are successful screenwriters, directors and movie producers.

17. In and around January of 2020, Plaintiffs collectively wrote the screenplay entitled *ONE OF THOSE DAYS* (hereinafter "THOSE DAYS" and/or the "SCREENPLAY").

18. The Plaintiffs are the original authors of the Screenplay. Plaintiffs own the rights and title to the copyright and the Screenplay has been registered with the United States Copyright office with registration number PAu 4-247-978. (See Exhibit A).

19. On October 18, 2023, Danny Hamouie, a well-known movie industry producer, and Plaintiff Isaacson agreed to shop the Screenplay to secure a distribution deal with a major movie distributor. Plaintiff Isaacson emailed the Screenplay to Danny Hamouie. This was the first time the Screenplay was ever given to a third-party. The Plaintiffs, to date, have not heard from Danny Hamouie as to the outcome of shopping the Screenplay.

20. On April 7, 2024, Plaintiffs Isaacson and Oku had a Zoom meeting with Xavier Charles

and Roman Arabia co-owners of Green Eggs Go H.A.M. (hereinafter "GEG"), well-known content creators in the movie industry, in an effort to secure funding and possibly a major movie distribution deal. The Screenplay was given to GEG in an email on April 8, 2024.

21. On April 12, 2024, GEG notified the Plaintiffs that they would not be able to assist in shopping or assist in funding the Screenplay.

22. Unbeknownst to Plaintiffs, on April 26, 2024, deadline.com announced the motion picture *ONE OF THEM DAYS* would be produced by Issa Rae. The Plaintiffs later learned that Xavier Charles of GEG was a stuntman on the HBO TV series *Insecure*, which was produced and starred Issa Rae, the founding member of ColorCreative. The title of the Screenplay, ONE OF THOSE DAYS, and the title of the motion picture, *ONE OF THEM DAYS* were strongly similar.

23. On January 17, 2025, *ONE OF THEM DAYS* was released in the United States and Canada through Sony Pictures, Tristar Pictures and ColorCreative. According to the credits of *ONE OF THEM DAYS*, it is alleged to have been written by Singleton and not the Plaintiffs.

24. After viewing *ONE OF THEM DAYS*, the Plaintiffs noticed at least 29 similarities in the Screenplay and *ONE OF THEM DAYS*. Such information was sent to Defendants' Sony Picture and Tristar Picture's counsel on January 31, 2025. (See Exhibit B). The Defendants' infringed on the Plaintiffs' copyright by essentially releasing a motion picture that is strongly similar to Plaintiffs' Screenplay.

25. *ONE OF THEM DAYS* and the Screenplay have "strong similarities in underlying story structure" according to screenwriter expert John Brancato. (See Exhibit C).

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
(By Plaintiffs against all Defendants)

5

COMPLAINT FOR DAMAGES

26. Plaintiff repeats, realleges and incorporates herein this reference paragraphs 1 through 25 and above, inclusive, as though, fully set forth herein.

27. The Screenplay written by the Plaintiffs are original works of authorship and registered with the United States Copyright Office. Attached hereto is the true and correct copy of the U.S. Copyright Registration as Exhibit A.

28. Defendants, without the permission or consent of Plaintiffs, and without authority has infringed Plaintiffs' copyright and exclusive rights in the Screenplay in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §106 and §501.

29. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

30. Defendants' conduct is causing, and unless immediately enjoined, will continue to cause enormous and irreparable harm to Plaintiffs. Defendants' conduct must be stopped and Plaintiffs must be compensated for Defendants' willful acts of infringement.

31. Defendants do not have any authorization, permission or consent to use the Screenplay.

32. As a direct and proximate result of Defendants' infringement of Plaintiffs' copyright and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiffs' election, pursuant to 17 U.S.C. § 504(b), Plaintiffs shall be entitled to their actual damages plus Defendants' profits from infringement.

33. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## SECOND CAUSE OF ACTION
## MISAPPROPRIATION OF IDEAS

(By Plaintiffs against all Defendants)

34. Plaintiff repeats, reallege and incorporate herein this reference paragraphs 1 through 33 and above, inclusive, as though, fully set forth herein.

35. The Screenplay written and prepared by the Plaintiffs is an original work.

36. Plaintiffs disclosed the Screenplay to Danny Hamouie and GEG in an effort to obtain funding or obtain a major movie distribution deal for money.

37. Plaintiffs emailed Danny Hamouie the Screenplay and Danny Hamouie accepted the Screenplay. Plaintiffs held a Zoom meeting with GEG whereby they accepted the Screenplay.

38. Defendants, without Plaintiff's consent, used the Screenplay to create the movie *ONE OF THEM DAYS* and did not pay for its use.

39. Defendants profited from the Screenplay. As a result of Defendants' actions, Plaintiffs suffer and continue to suffer monetary damages.

## THIRD CAUSE OF ACTION

## CONVERSION

(By Plaintiffs against all Defendants)

40. Plaintiff repeats, realleges and incorporates herein this reference paragraphs 1 through 39 and above, inclusive, as though, fully set forth herein.

41. Defendants intentionally and knowingly converted the money earned from the Screenplay to its own use and benefit without Plaintiffs' permission or lawful cause.

42. Defendants' unlawful conversion of the money earned from the use of the Screenplay without Plaintiffs' permission or lawful cause constitutes conversion and a wrongful taking of Plaintiffs' property.

43. As a result of Defendants' actions, Plaintiffs suffer and continue to suffer monetary damages.

WHEREFORE, PLAINTIFF PRAYS JUDGMENT AS FOLLOWS:

ON THE FIRST CAUSE OF ACTION

1. Damages and profits in such amount to proof;
2. For an accounting from Defendants attributable to their infringements of Plaintiffs' copyright in the Screenplay;
3. For Plaintiffs' attorney's fees, costs, and disbursements in this action;
4. Prejudgment interest in an amount according to proof; and;
5. Such other relief as the court may deem proper.

ON THE SECOND CAUSE OF ACTION

1. Damages and profits in such amount to proof;
2. For an accounting from Defendants attributable to their infringements of Plaintiffs' copyright in the Screenplay;
3. For Plaintiffs' attorney's fees, costs, and disbursements in this action;
4. Prejudgment interest in an amount according to proof; and,
5. Such other relief as the court may deem proper.

ON THE THIRD CAUSE OF ACTION

1. Damages and profits in such amount to proof;
2. Costs of suit herein incurred;
3. Prejudgment interest in an amount according to proof; and;
4. Such other relief as the court may deem proper.

BODDIE & ASSOCIATES, P.C.

Date: July 3, 2025            /s/ Corey D. Boddie

8

COMPLAINT FOR DAMAGES

CASE 2:25-cv-06788  Document 2  Filed 07/30/25  Page 9 of 10  Page ID #:10

COREY D. BODDIE
Attorney for Plaintiffs

9

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action mentioned herein.

Dated: July 3, 2025

        Corey D. Boddie

        BODDIE & ASSOCIATES, P.C.

By:   /s/ Corey D. Boddie
      COREY D. BODDIE, Attorney for Plaintiffs

COMPLAINT FOR DAMAGES